FILED
October 27, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____TB_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | Cause No. **DR-21-CR-01700-AM** |
| | | **SEALED INDICTMENT** |
| v. | § § § § | [VIO: COUNTS ONE AND TWO: 18 U.S.C. §§ 1343 and 1346, Wire Fraud Deprivation of Honest Services.] |
| FERNANDO LEONEL CHACON, JR. | § § § | |

THE GRAND JURY CHARGES:

## INTRODUCTION

1. Beginning on or about January 1, 2015 and continuing through October 1, 2021 ("the Relevant Period"),

    a. Maverick County (the "County") is a political subdivision within the State of Texas and located in the Del Rio Division of the Western District of Texas;

    b. The Defendant was an employee of the County, specifically with the Maverick County Sheriff's Office, from on or about November 1, 2014 until on or about October 1, 2021;

    c. When hired by the Maverick County Sheriff's Office, the Defendant took an oath to execute faithfully the duties of the Maverick County Sheriff's Office and to preserve, protect, and defend the Constitution and laws of the United States and the Constitution and laws of the State of Texas;

d. The Defendant eventually obtained the position of Investigator in the Maverick County Sheriff's Office;

e. A Maverick County Sheriff's Office Investigator's main duties were to investigate violations of Texas criminal laws and, when appropriate, file charges for those violations;

f. As part of his official responsibilities as a Maverick County Sheriff's Office Investigator, the Defendant had access to law enforcement databases, including the National Crime Information Center (NCIC) database, and could use his position to remove pending tickets and warrants against citizens.

g. The Defendant was paid by the Maverick County Sheriff's Office a salary plus benefits, which included the use of an un-marked police truck, in order to carry out his duties as an employee and as an Investigator;

h. As an employee of the Maverick County Sheriff's Office, the Defendant was required to follow federal, state, and local laws;

i. The CHS was a United States citizen and taxpayer personally or through his business in Maverick County in the Del Rio Division of the Western District of Texas; and

COUNTS ONE AND TWO
[18 U.S.C. §§ 1343 and 1346]

1. Counts One and Two incorporate by reference all preceding paragraphs above.

**THE SCHEME**

2. Beginning on or about January 1, 2015 and continuing through October 1, 2021, in the Del Rio Division of the Western District of Texas and elsewhere, the Defendant,

**Indictment - Page 2 of 7**

FERNANDO LEONEL CHACON JR.,

knowingly devised and intended to devise a scheme and artifice to defraud and deprive Maverick County and the citizens of Maverick County of their intangible right to the honest services of FERNANDO LEONEL CHACON, JR., a police officer, through bribery.

3. The purpose of the scheme was for the Defendant to use his position with the Maverick County Sheriff's Office to enrich himself by soliciting and accepting bribes of money and other things of value from a Confidential Human Source ("CHS") in exchange for official action and to conceal the nature and purpose of the scheme and artifice to defraud.

## MANNER AND MEANS

4. The Defendant carried out the scheme and artifice during the Relevant Period in the following manner and by the following means:

    a. The Defendant corruptly offered to take official action to benefit the CHS in exchange for money payments and other things of value;

    b. The Defendant and the CHS met at different times and places in the Eagle Pass, Texas area to discuss how much it would cost the CHS for the Defendant, in his official capacity as an Investigator for the Maverick County Sheriff's Office, to investigate and remove pending criminal matters for him. During some of these meetings, the Defendant received money from the CHS;

    c. In exchange for the things of value provided by the CHS, the Defendant engaged in official acts as an Investigator for the Maverick County Sheriff's Office. For example, the Defendant offered to remove active warrants that had been filed by the Maverick County Sheriff's Office in exchange for being paid by the CHS; and

    d. In order to conceal the scheme, the Defendant received mostly cash payments, provided documents to the CHS that he knew were sensitive, met with the CHS in parking lots, utilized the CHS's personal vehicle for investigation purposes, and made the CHS aware that Chacon's superiors were unaware of his plan to remove the CHS's tickets and warrants.

### ACTS IN FURTHERANCE OF THE SCHEME

  5. During the Relevant Period, the Defendant received cash, check, and wire payments from the CHS in amounts ranging from hundreds to thousands of dollars. Payments and other things of value that the Defendant received included, but were not limited to the following:

    a. On or about March 19, 2019, the Defendant received $300 in cash from the CHS in exchange for removing pending tickets against the CHS;

    b. On or about December 18, 2020, the Defendant conducted a law enforcement database query involving transmissions of wire communications or signals in interstate or foreign commerce, for the purpose of checking the CHS's name for warrants, removing any warrant, and removing the criminal case against the CHS, and in exchange on or about December 19, 2020, the Defendant received $2,000 from the CHS.

    c. On or about January 12, 2021, the Defendant received $500 from the CHS through wire payment involving transmissions of wire communications or signals in interstate or foreign commerce, in exchange for the Defendant's assistance in removing a criminal warrant against the CHS.

## EXECUTION OF THE SCHEME

6.      On or about the dates specified below, in the Del Rio Division of the Western District of Texas and elsewhere, the Defendant,

FERNANDO LEONEL CHACON, JR.,

for the purpose of executing the above-described scheme and artifice to defraud and deprive, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce the following writings, signs, signals, pictures, and sounds.

| Count | Date | Wire Transmission |
| --- | --- | --- |
| 1 | December 18, 2020 | NCIC Database query from Texas to West Virginia |
| 2 | January 12, 2021 | MoneyGram wire payment from Texas to Minnesota |

All in violation of Title 18, United States Code, Sections 1343 and 1346.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* FED. R. CRIM. P. 32.2]

### I.
### Wire Fraud and Bribery Violations and Forfeiture Statutes
[18 U.S.C. §§ 1343, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), applicable to criminal forfeiture by 28 U.S.C. § 2461(c)].

As a result of the criminal violations set forth in Counts One through Seven, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of property, upon conviction and as part of sentence pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C), applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. 981.  Civil forfeiture**
> **(a)(1)** The following property is subject to forfeiture to the United States:
> \*\*\*
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "*specified unlawful activity*" (as defined in section 1956(c)(7) of this title . . . .

Indictment - Page 5 of 7

> § 1956.  **Laundering of monetary instruments**
> ***
> **(c)** As used in this section—
> ***
> **(7)** the term "*specified unlawful activity*" means—
> **(A)** any act or activity constituting an offense listed in section *1961(1)* of this title . . . .
>
> § 1961.  **Definitions**
> As used in this chapter—
> **(1)** "racketeering activity" means . . . (B) any act which is indictable under any of the following provisions of *title 18, United States Code*: . . . section *1343 (relating to wire fraud)* . . . .

## II.
## Money Judgment

**Money Judgment:** A sum of money which constitutes or is derived from proceeds traceable to violations from the offenses in the Counts above for which the Defendant is liable.

## III.
## Substitute Property

If any proceeds from the violations above, as a result of any act or omission of the Defendant—

**(A)** cannot be located upon the exercise of due diligence;
**(B)** has been transferred or sold to, or deposited with, a third party;
**(C)** has been placed beyond the jurisdiction of the court;
**(D)** has been substantially diminished in value; or
**(E)** has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property of the Defendant, (substitute assets) up to the value of the money judgment, pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e).

A TRUE BILL.

████████████████████

FOREPERSON

ASHLEY C. HOFF
United States Attorney

By: _James T. Ward  FOR_____
    STEPHEN KAM
    Assistant United States Attorney